UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**ALTHEA MARIE ANDERSON,**

    **Defendant.**

:

:

:

Case No. 2:89-cr-122(2)
Judge Sarah D. Morrison

## OPINION AND ORDER

The matter is before the Court on the Motion for Expungement of Felony filed by Defendant Althea Marie Anderson. (ECF No. 53).

The Court begins by commending Ms. Anderson for her more than twenty-one years of staying out of trouble. It is admirable that she committed to herself that she would not get into legal troubles again and that she continues to try to be a better person. The Court is sympathetic to the difficulties that convicted felons often face in society and Ms. Anderson's desire to close this chapter of her life. However, for the reasons set forth below, Ms. Anderson's Motion is denied.

### I. Background

Ms. Anderson was convicted of possession with intent to distribute cocaine and was sentenced to 151 months of incarceration[1] followed by five years of supervised release.

More than 21 years after she completed her sentence of incarceration, Ms. Anderson

---

[1] In 1990, Ms. Anderson was sentenced to 121 months incarceration (Apr. 3, 1990 Judgment) but she was re-sentenced on February 18, 1992 to a term of 151 months. (Feb. 18, 1992 Judgment).

filed the instant motion requesting that the Court expunge her felony conviction. In her motion, Ms. Anderson states that she has not been in any type of trouble since she was released and would like to have her felony lifted so that she can stop being judged by society. (ECF No. 53). She makes her request to "move forward in life and continue being a better person." (*Id.*).

**II. Analysis**

Federal courts are courts of limited jurisdiction and may not expand their jurisdictional authority beyond that which is granted to them by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The party moving to expunge has the burden of establishing a federal court's jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

While some federal statutes do permit the expungement or sealing of criminal records in limited circumstances, there is no federal statute that gives district courts the general authority to expunge valid criminal convictions. *See*, *e.g.,* 18 U.S.C. § 3607(c) and 21 U.S.C. § 844a(j) (granting courts the power to expunge convictions for certain violations of the Controlled Substances Act); 10 U.S.C. § 1565(e) (authorizing the Secretary of Defense to expunge certain records). There is no applicable federal statute for the offense of possession with intent to distribute cocaine.

Without statutory authority, the only other means by which this Court may entertain a motion to expunge is under its inherent equitable powers. *United States v. Wiley*, 89 F.Supp.2d 909, 910 (1999) (Rice, J.). As the Sixth Circuit has explained:

> [T]his court has not yet posited a standard for determining which cases are "appropriate" [for expungement]. Other circuits recognizing an equitable power to expunge have generally held that the decision to exercise such power hinges on a balancing of "the government's need to maintain extensive records

2

> to aid in effective law enforcement against the harm to the individual of maintaining these records. . . ." *See, e.g., United States v. Bagley,* 899 F.2d 707, 708 (8th Cir.), *cert. denied,* 498 U.S. 938, 111 S.Ct. 343, 112 L.Ed.2d 307 (1990). Acknowledging the strength of the government's interest in this context, however, these circuits have held that the expungement power is narrow and appropriately used only in extreme circumstances. *United States v. Smith,* 940 F.2d 395, 396 (9th Cir. 1991); *United States v. Friesen,* 853 F.2d 816, 817 (10th Cir. 1988); *Allen v. Webster,* 742 F.2d 153, 155 (4th Cir. 1984); *United States v. Schnitzer,* 567 F.2d 536, 539 (2nd Cir. 1977), *cert. denied,* 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978); *Menard v. Saxbe,* 498 F.2d 1017, 1021 (D.C. Cir.1974).

*United States v. Robinson,* 79 F.3d 1149, 1996 WL 107129, *1 (6th Cir. 1996)(unpublished table decision).

A district court's expungement power is rarely exercised, and courts "have most readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *Id*. at *2 (quotation marks and citation omitted). On the other hand, "courts have uniformly denied expunction requests regarding valid convictions." *Id.,* citing *United States v. Smith,* 841 F.2d 1127, 1988 WL 19174, (6th Cir. March 8, 1988)(unpublished table decision) (affirming denial of expunction of valid conviction for which petitioner subsequently received a pardon); *see also*, *Wiley*, 89 F.Supp.2d at 911; *United States v. Thomas*, No. 1:06CR321, 2020 WL 1171612 (N.D. Ohio Mar. 11, 2020).

To expunge or seal a conviction, the district court must find that (1) the motion raises a valid constitutional claim, and (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017) (citing *U.S. v. Field*, 756 F.3d 911, 916 (6th Cir. 2014)). A petitioner must set forth compelling and extraordinary circumstances to support her request. *Schwab v. Gallas*, 724 F.Supp. 509, 511 (N.D. Ohio 1989) (denying expungement of

3

valid felony conviction, even though petitioner had completed his sentence and had led a law-abiding life).

Ms. Anderson has not raised a constitutional challenge to the Court's judgment or set forth any reasons why an expungement would enable the court to manage its proceedings, vindicate its authority, or effectuate its decrees. She has not set forth compelling or extraordinary reasons for an expungement.

### III. Conclusion

For the reasons set forth above, the Motion for Expungement of Felony is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**